UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOUIS CRAIG JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>COLTON CROCKET, et al.,<br><br>                Defendants. | Case No. 1:25-cv-00001-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Louis Craig Johnson (Plaintiff), who lives in Washington state, is not in state custody but is awaiting trial on criminal charges in Jerome County, Idaho. The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and Affidavit, the Court issues the following Order requiring amendment.

REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the

claims in a complaint for any of the following reasons:

- "[I]nsufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "[L]ack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- [F]rivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- [S]eeking monetary relief from a defendant who is immune from such relief. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

2. **Introduction**

Plaintiff sues over 20 individuals and the County of Jerome, Idaho, for alleged unconstitutional actions taken in the course of searching Plaintiff's vehicle, arresting him, and trying him on drug charges. He has a pending state criminal case that is set for trial in June 2025 in the Jerome County court. *See* Attachment, Idaho Supreme Court Register of Actions. The current case appears to be a refiling of Case No. CR27-24-05552, a criminal

case that was dismissed with the intent to be refiled. He also has a forfeiture action associated with a criminal case in Jerome County, Case No. CV27-24-01062, in which a motion to dismiss was filed in December 2024. *See* Idaho Supreme Court Register of Actions in those cases.

It appears that some or all of the claims asserted in the present federal civil rights Complaint are related to one or more of his criminal cases. He will be given leave to clarify these facts and relationships, and to omit claims that are presently barred by procedural rules.

### 3. Abstention

Federal district courts usually abstain from adjudicating civil rights actions that could impact ongoing state criminal cases. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts. In that case, the Court held that it is only in the most unusual of circumstances that a federal court should interfere in an ongoing state criminal matter.

A federal court should abstain from hearing a civil rights case under the *Younger* doctrine when three factors are present: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates an important state interest (such as state criminal actions); and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Where abstention would otherwise be appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable

injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id*. at 54.

Plaintiff's amended complaint should specify the claims arising from or related to ongoing criminal cases and should clearly address why the *Younger* abstention should not be applied to each related claim. Plaintiff should address his claims of excessive bail, seizure of his personal property upon arrest, profiling and wrongful detention, invalid arrest warrant, and fraudulent court paperwork drafted by prosecutors in this context, explaining why abstention would not be appropriate.

If the Courts decides to abstain, the case would be dismissed without prejudice to Plaintiff bringing the claims at a later date if he successfully defends his state criminal case.

### 4. Request for Dismissal of State Court Criminal Cases

Plaintiff asks that the Court "issue an injunction to Dismiss with Prejudice, any and all cases against plaintiff in Jerome County, Idaho." Dkt. 2 at 5. These are not available remedies in a § 1983 civil rights action.

Title 28 U.S.C. § 2283, commonly known as the "Anti-Injunction Act," bars Plaintiff's claims asking the federal court to enjoin an ongoing state action. The Anti-Injunction Act prohibits a federal court from granting an injunction to stay or enjoin proceedings in a state court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Because no exception applies here, the Court concludes that the Anti-Injunction Act bars Plaintiff's claim for injunctive relief. Requests for relief of this nature should not be included in any amended complaint.

### 5. Claims against Prosecutors

Claims alleging wrongful acts committed by a prosecutor in the performance of an integral part of the criminal judicial process should not be included in any amended complaint. Federal appellate courts have repeatedly ruled that a prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 for such claims. *See*, *e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Tasks classified as an integral part of the criminal justice process include but are not limited to initiating and pursuing a criminal prosecution, *Imbler*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991). Absolute immunity requires covered claims to be dismissed early in the proceedings.

Quasi-judicial immunity for prosecutors is like judicial immunity for judges. The reasoning behind immunity is sometimes difficult to understand. Judges' and prosecutors' wrongful behavior is protected from civil suits because absolute immunity "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Stated more practically, if judges' and prosecutors' decisions in court actions could be the subject of constant lawsuits, no one in our society would agree to be judges and prosecutors.

If a prosecutor's or judge's behavior fits within the "integral part of the criminal judicial process" function test, immunity applies. For example, once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). Judicial immunity "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

One exception to prosecutorial immunity exists: acts where prosecutors are "performing investigatory functions" such as those a police officer or detective performs. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (relying on *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)). Civil rights claims *can* be maintained for this narrow category of acts.

Here, the amended complaint should clearly state facts showing that police-like functions are at the core of Plaintiff's claims against the prosecutors; if the prosecutors were performing regular functions of prosecutors in pursuing criminal cases, those acts are covered by quasi-judicial immunity, no matter the outcome of the acts or the intent of the prosecutors, as explained above. If no act fits into the investigatory function, then no claims against the prosecutors should be included in the amended complaint, because they are subject to prosecutorial immunity.

### 6. Claims Arising from Conditions of Confinement

To the extent that Plaintiff is asserting that he was subjected to "cruel and unusual punishment" in violation of the Eighth Amendment for conditions of confinement while in

custody (lack of food, medication, a bed, and medical treatment), Plaintiff must file a separate amended complaint setting forth these allegations in this action; the Court will then sever it into a new action. The Eighth Amendment applies only after conviction; the Fourteenth Amendment applies to pretrial detainees. Plaintiff must specify his status and assert one or the other Amendment as the basis for his claims.

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Within these parameters, prison officials must provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Keenan v. Hall*, 83 F.3d 1083, 1098 (9th Cir. 1996). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

An Eighth Amendment claim has two components. The first is an objective showing: a plaintiff must allege facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). The second component is a subjective showing: that the defendant acted

with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a jail official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference," *id.* at 837, and then the official must recklessly disregard the excessive risk to the inmate's health or safety, *id.* at 838.

Similarly, pretrial detainees' conditions-of-confinement claims are analyzed under an "objective deliberate indifference standard" pursuant to the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to the conditions [of confinement]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (citation omitted). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

If Plaintiff desires to file an amended complaint, for each particular constitutional violation against each defendant, Plaintiff shall state the following: (1) the name of the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met;[1] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. He should do the same for each defendant, in turn. Plaintiff also must set forth facts explaining the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed, showing that plausible facts exist to support the particular cause of action he brings. A list of Defendants with only the names of various causes of action is insufficient, as in the current Complaint.

Plaintiff also asserts that jail staff retaliated against him. This type of claim can be included in the same conditions of confinement complaint as the Eighth or Fourteenth Amendment claims. He has included no facts here, but must amend if he desires to state a retaliation claim.

A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, ... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

---

[1] For example, Plaintiff must allege facts setting forth the elements of an Eighth or Fourteenth Amendment claim.

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an injury, *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim, *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985). Plaintiff will be given leave to state the "who, what, when, where, how and why" of each time a defendant retaliated against him personally.

### 7. Defendant Jerome County

Plaintiff has named Jerome County as a defendant, but cannot proceed without showing that a policy or custom of the County caused an injury. Under some circumstances, a local governmental entity, such as a county, can be a proper defendant in a § 1983 action. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). But local governments are not liable merely because they employ the person who the plaintiff claims violated his constitutional rights. To state a claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, which requires a showing that (1) the plaintiff was deprived of a constitutional right, (2) the governmental entity had a policy or custom, (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right, and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper

custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim, and he must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. If he does not have facts to support a cause of action against the county, he should not include this defendant in an amended complaint. This reasoning would also apply to county officials sued in their official capacities.

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all previous supplements. Plaintiff must file a motion to review the amended complaint when he submits the amended complaint.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is GRANTED.

2. If Plaintiff desires to proceed, he must file an amended complaint within **30 days** after entry of this Order. Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference

prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all previous supplements.

DATED: June 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge